AO 93 (Rev. 5/85) Search Warrant

# United States District Court

DISTRICT OF DELAWARE

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2008 AUG 12 AM 10:00

In the Matter of the Search of

(Name, address or brief description of person or property to be searched)

The premises located at

Wilmington, Delaware 19810

REDACTED

SEARCH WARRANT

CASE NUMBER: 08- 138M

TO: Michelle Carron Taylor and any Authorized Officer of the United States

Affidavit(s) having been made before me by SPECIAL AGENT, Michelle Carron Taylor, FBI (Affiant) who has reason to believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

2114 Exton Drive, Wilmington, Delaware 19810 (as more fully described in Attachment A)

in the District of DELAWARE there is now concealed a certain person or property, namely (describe the person or property)

evidence, fruits and instrumentalities of the unlawful transportation, receipt, and possession of child pornography (as more fully described in Attachment B)

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before August 18, 2008 (Date)

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime -- 6:00 A.M. to 10:00 P.M.) (~~at any time in the day or night as I find reasonable cause has been established~~) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to Mary Pat Thynge, United States Magistrate Judge (U.S. Judge or Magistrate) as required by law.

FILED
AUG 1_ 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

8/8/08 (Date and Time Issued) at Wilmington, Delaware (City and State)

Mary Pat Thynge
United States Magistrate Judge
Name and Title of Judicial Officer

[signature]
Signature of Judicial Officer

RETURN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| August 8, 2008 | August 8, 2008; 6:38pm | CINDA CRANE |

INVENTORY MADE IN THE PRESENCE OF CINDA CRANE

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

1. Motorola RAZR cell phone, telephone number
2. charger
3. extra cable, manuals

CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Kevin P Shannon

Subscribed, sworn to, and returned before me this date.

[signature] U.S. Judge or Magistrate

8/12/08 Date

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF: THE PREMISES KNOWN AS | ) ) ) | Case No.08- 138m |
| Wilmington, Delaware 19810 | ) ) | |

ATTACHMENT A

DESCRIPTION OF LOCATION TO BE SEARCHED

The location known as Wilmington, Delaware 19810 is identified as:

a two story, single family dwelling with a light yellow exterior. This house has a brown roof and maroon shutters. The number is posted on the mailbox in front of the house.



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2008 AUG 12 AM 10: 00

IN THE MATTER OF THE )
SEARCH OF: )
THE PREMISES KNOWN AS ) Case No.08- 138M
)
Wilmington, Delaware 19810 )

ATTACHMENT B

LIST OF ITEMS TO BE SEIZED

A. images of child pornography or child erotica and files containing images of such in any form wherever it may be stored or found including, but not limited to:

i. any cellular telephone, personal digital assistant, computer, computer system and related peripherals; computer hardware; computer software; tapes, cassettes, cartridges, streaming tape, commercial software and hardware, computer disks, disk drives, monitors, computer printers, modems, tape drives, disk application programs, data disks, system disk operating systems, magnetic media floppy disks, hardware and software operating manuals, tape systems and hard drive and other computer related operation equipment, digital cameras, scanners, monitors, printers, external storage devices, routers, modems, computer photographs, Graphic Interchange formats and/or photographs, undeveloped photographic film, slides, and other visual depictions of such Graphic Interchange formats (including, but not limited to, JPG, GIF, TIF, AVI, and MPEG), and any electronic data storage devices including, but not limited to hardware, software, diskettes, backup tapes, CD-ROMS, DVD, Flash memory devices, and other storage mediums; any input/output peripheral devices, including but not limited to computer passwords and data security devices and computer-related documentation, and any hardware/software manuals related to or used to: visually depict child pornography; contain information pertaining to the interest in child pornography; and/or distribute, receive, or possess child pornography, or information pertaining to an interest in child pornography, or information pertaining to an interest in child pornography;

ii. books and magazines containing visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

iii. originals, copies, and negatives of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

iv Motion pictures, films, videos, and other recordings of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

B. Information, correspondence, records, documents or other materials pertaining to the possession, receipt or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, that were transmitted or received using computer, some other facility or means of interstate or foreign commerce, common carrier, or the U.S. mail including, but not limited to:

i. envelopes, letters, and other correspondence including, but not limited to, electronic mail, chat logs, and electronic messages, establishing possession, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

ii. books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the transmission through interstate or foreign commerce including by United States mail or by computer of any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

iii. Any and all records, documents, or materials, including any and all address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate commerce including by United States mail or by computer, any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256;

iv. Any and all records, documents, or materials, including any and all address books, names, and lists of names and addresses of minors visually depicted while engaging in sexually explicit conduct, defined in Title 18, United States Code, Section 2256;

v. Any and all records of Internet usage including user names and e-mail addresses and identities assumed for the purposes of communication on the Internet. These records may include billing and subscriber records, chat room logs, e-mail messages, and include electronic files in a computer and on other data storage mediums, including CDs or DVDs;

C. credit card information including but not limited to bills and payment records, including but not limited to records of internet access;

D. records evidencing occupancy or ownership of the premises described above, including, but not limited to, utility and telephone bills, mail envelopes, or addressed correspondence;

E. records or other items which evidence ownership or use of computer equipment found in the above residence, including, but not limited to, sales receipts, bills for Internet access,

and handwritten notes;

F. Any and all adapters, chargers or other hardware items necessary to charge the battery, or to maintain the functioning of, any of the equipment described above.